Scott, J.
. From the agreed statement of facts in this case it appears that ever since the death of Elihu Wooley and the probate of his will, in May, 1855, the defendant Eleanor Wooley has continued in the exclusive possession, by herself or her tenant, of the premises in controversy, which were *187 devised to her for life, by the will of her husband; that she has during all this time claimed and exercised the right of using and controlling them for her own use and benefit, and has never claimed a right of dower, or any other statutory rights, in conflict with the provisions of the will. In this exercise of all the rights conferred on her by the will, the heirs of the testator have continuously acquiesced; William C. Wooley, who holds the undivided five sevenths of the fee, having expressly recognized the widow’s life estate under the will, by his contract with her, and occupancy under her for many years; and no claim has been made to the contrary by any one, till the filing of the petition in this case, more than eleven years after the probate of the will.
The wills act in force at the testator’s death was that o£ May 3,1852 (3 Curwen, 1898), which provides in its 43d section that, “ If any provision be made for a widow in the will of her husband, she shall, within one year after probate of the will, make her election, whether she will take such provision or be endowed of his lands; but she shall not be entitled to both, unless it plainly appears by the will to have been the intention of the testator that she should have such provision in addition to her dower.” The 44th section of the same act requires her election to be made by her in person in the probate court of the proper county, and that her election when thus made shall be entered upon the minutes of the court; and if she fail to make such election she shall retain her dower, and such share of the personal estate of her husband as she would be entitled to by law, in case her husband had died intestate; and that if she elect to take under the will she shall be barred of her dower, and take under the will alone.
This statute contains no such provision as is found in the present wills act, requiring the widow to be cited to appear in the probate court and make her election, and allowing her one year within which to do so, after the service of the citation ; and the widow being wholly ignorant of the requirements of the statute in that behalf, it is conceded, in this *188 case, that no election to take under the will of her husband was ever made by her in the mode prescribed by statute. Had she been aware of the provisions of the statute, there is no room to doubt that she would, in the statutory mode, have elected to take under the will of her husband, rather than to be endowed of his lands, inasmuch as a life estate in all his lands would, ordinarily at least, be more valuable than a similar estate in one third of them only.
The decision of this case evidently depends on the question whether, under the statute of 1852 to which we have referred, a valid aud binding election to take under the will of her husband can be made mfact by a widow, which shall bar her right of dower, and estop her to deny such election, without making the same in the mode prescribed by statute. If such election can be made by acts in pais, and by a uniform course of conduct extending through a series of years, then it is clear that Mrs. Wooley has, in this case, actually and in fact taken under the will of her husband; and this having been acquiesced in by the heirs for many years, the parties are mutually estopped to deny such election.
In the case of Stilley v. Folger, 14 Ohio, 610, it was held that an election of a widow to take under the will of her husband, to bar her of dower, could be made only in the proper court, within six months after probate, as provided by statute; and could be proved only by the record. This decision was made in 1846; and in the following year the case of Ward v. Ward came before two of the same judges (Birchard and Hitchcock) upon the circuit. In this latter case, the widow, being a foreigner, and ignorant of our laws, supposed that her title under her husband’s will was perfect, not knowing that it was necessary to make an election in court until the period limited for doing so had expired. Upon a bill filed by her, stating these facts, although there were minor heirs in the case, who had answered by guardian, the court permitted her then to elect. 5 Western Law Journal, 503.‘
And in the subsequent case of Thompson v. Hoop, 6 Ohio St. 480, where, in case of a devise of real estate to a widow *189 for life, with remainder in fee to one of the testator’s sons, the widow, without following the form prescribed for making her election to take under the will, set up no claim for dower, but actually and in fact took under the will, and had the use and occupancy of the premises for a series of years, it was held by this court, that she would be barred of her dower, and estopped to deny her election to take under the will. It is perhaps impossible to reconcile this doctrine with what was said on the subject in Stilley v. Folger. But in so far as the cases conflict, the later decision mast be regarded as overruling or qualifying the former. And it is certain that the facts of the present case bring it clearly within the principle of the later decision.
We recognize the doctrine of Thompson v. Hoop as resting upon sound principle, and cannot but think that injustice and hardship would be the uniform results of a contrary holding in cases like the present one. Here the widow has actually and in fact taken and held the premises in question, under the will of her husband, for a long series of years, with the full knowledge and entire acquiescence of the heirs. None of them have been misled or prejudiced by her failure to make her election known in the statutory mode. Shall she now be dispossessed and required to account tothe heirs for rents and profits ?
It is true that the provisions of the act of 1852 on the subject of a widow’s election are, in several respects, more explicit than were those of prior statutes on the same subject. But these additional provisions were evidently intended for the benefit and protection of the widow. They were designed to secure her against the entry of an election upon the record, until the fact of such election should be unmistakably ascertained ; and to require that it should be made only upon full information and advice given her as to her rights in the premises. But if under former statutes she might be estopped to deny an election, these provisions make no change in that regard.
We think the defendant Eleanor Wooley has a life estate under the will of her husband, in all the premises of which *190 partition is demanded, and that the plaintiff’s petition must therefore be dismissed.

Judgment accordingly.

Beinkerhoee, C.J., and Welch, White, and Day, JE, concurred.